## SAMUEL DUNCAN *vs.* GILMORE SYLVESTER.

A tenant in common cannot enforce partition of a part of the common tene-
ment by metes and bounds.

Thus if two tenants in common make a parol partition of the land held by
them in common by metes and bounds, and each afterwards convey by deed
of warranty to a third person, the land assigned to him by parol, and pos-
session continues in accordance with the parol partition, but for a period less
than twenty years, such parol partition may be avoided by one of the origi-
nal co-tenants; but he cannot maintain a process to have partition only of
the moiety assigned to his co-tenant by the parol partition, and must include
in his petition the whole of the tract originally owned in common.

THIS was a petition for partition, wherein the petitioner claimed
an undivided moiety of the land described in the petition, by virtue
of a conveyance to him by *Abner Knight,* by deed dated *July* 19,
1819, conveying to him an undivided moiety of a tract of land
of which the premises are part. The respondent denied the seizin
of the petitioner.

At the trial, before WESTON C. J. the respondent offered to prove,
that one *George Knight* was tenant in common with the petitioner
by virtue of a conveyance to him by the same *Abner Knight,* by
a deed of warranty to him, dated *July* 18, 1817, of the other un-
divided half of the whole tract of land; that before *July* 18, 1823,
*George Knight* and the petitioner made a division of the tract by
metes and bounds, causing the land to be surveyed, but the divis-
ion was merely by parol, no deeds being exchanged; that from the
time of the division the petitioner and those claiming under him,
and said *George Knight* and those claiming under him, have seve-
rally inclosed, occupied and improved the portion so set off to them
respectively; that after the parol division, on *July* 18, 1823, the
petitioner conveyed by deed of warranty to *Jones Shaw,* by metes
and bounds, that portion of the land assigned to him by the survey
and the parol partition as his half; that *George Knight* by his deed
of warranty, *June* 20, 1833, conveyed to the respondent, by metes
and bounds, that portion of the land which was so set off to him
as his half, the last described tract being that of which partition is
claimed in this process; and that since the conveyance by *George
Knight* to the respondent, he had occupied the same openly, ex-

clusively, and adversely to the petitioner and all others. A default was entered by consent, which was to be taken off, if in the opinion of the Court, the evidence offered by the respondent would be sufficient to disprove the title of the petitioner, and the case stand for trial; otherwise judgment was to be rendered thereon.

*Alden & W. G. Crosby*, for the respondent, contended : —

1. A conveyance by one tenant in common of a part of the common property by metes and bounds, is void as to his co-tenants. *Varnum* v. *Abbott*, 12 *Mass. R.* 474 ; *Coggswell* v. *Reed*, 3 *Fairf.* 198. The conveyance therefore by the petitioner to *Shaw* was void as to the respondent. A tenant in common cannot enforce partition of a part of the common tenement by metes and bounds. *Miller* v. *Miller*, 13 *Pick.* 236 ; 1 *Co. Lit.* 250 ; 3 *Co. Lit. (H. & Butler's Ed.)* 250, *notes*, 23, 24. As between petitioner and his grantee, he would be estopped by his deed, but not as between him and other persons. *Bartlett* v. *Harlow*, 12 *Mass. R.* 348.

2. The deed to the respondent is also void as to the petitioner; and by filing this petition, he has elected so to consider it. If void, it conveyed nothing to the respondent, and of course he cannot be considered as tenant in common, and the process does not lie against him. *Com. Dig. Pleader*, 3 *F* 1.

3. The petitioner must adopt one of two courses. He must consider the conveyances valid, and thereby recognize the title of the respondent ; or void, and thereby deny that the defendant is tenant in common with him. But if such division by parol is made, and is subsequently recognized and ratified by the parties by their several conveyances of the parcels set off to them in severalty, such division and conveyances do operate a severance.

4. A petition is in the nature of a real action, and like other real actions, the question in issue is one of legal title. *Blanchard* v. *Brooks*, 12 *Pick.* 47. A petition for partition lies only for one who is actually seized of the premises. 7 *Mass. R.* 475 ; 14 *Mass. R.* 434 ; 7 *Wheat.* 120 ; 1 *Mass. R.* 323 ; 10 *Mass. R.* 464 ; 15 *Mass. R.* 439 ; 8 *Pick.* 376 ; 13 *Pick.* 145 ; 1 *Pick.* 114 ; 1 *Cowper*, 217 ; 1 *Greenl.* 89 ; 5 *Mass. R.* 344 ; *Angel on Lim.* 96 ; 13 *Johns. R.* 406.

*Thayer*, for the petitioner. Since the statute of frauds, partition by parol is void. 5 *Mass. R.* 233; 13 *Mass. R.* 418; 7 *Mass. R.* 475; 14 *Mass. R.* 435. The petitioner has never been disseized. The parol division was merely a license to the other party to hold in severalty. That is revoked by filing this petition. 14 *Mass. R.* 403; 13 *Mass. R.* 418; *ib.* 435. Partition may be had by tenant for years against one in possession who holds in fee. 15 *Mass. R.* 155; 17 *Mass. R.* 282. A tenant in common in possession, holds according to his title. 8 *Pick.* 377. Although the grantee of a part of the common tract, cannot enforce a partition, still the original co-tenant may elect to consider the grantee of a part as tenant of the freehold. 13 *Mass. R.* 57; 12 *Mass. R.* 474. The conveyance by one tenant in common of his share in a specific portion of the land is not absolutely void, but only as against a co-tenant. 12 *Mass. R.* 474. The only objection is from the injury he might do his co-tenant. 17 *Mass. R.* 282; 13 *Mass. R.* 57; 8 *Wheat.* 1. The petitioner therefore may well have partition made of this tract.

The opinion of the Court was drawn up by

WESTON C. J. — Assuming, for the purpose of determining its legal bearing, that the testimony offered by the respondent had been received, it appears that in *July*, 1819, one *George Knight* and the petitioner were tenants in common of a tract of land, of which the part described in the petition was understood to constitute one half. In *July*, 1823, *Knight* and the petitioner caused the whole to be surveyed, and thereupon made a parol partition of the same by metes and bounds, in pursuance of which the parties and those claiming under them, have since occupied in severalty. In the same month of *July*, the petitioner conveyed, by a deed of warranty, the part assigned to him, to *Jones Shaw*, by metes and bounds. And in *June*, 1833, *Knight* also conveyed, by deed of warranty, the part assigned to him, by metes and bounds, to the respondent.

Neither the parol division, nor the subsequent corresponding occupation, nor the conveyance by each of the purparty assigned to him, operated as an effectual legal partition. *Knight* and the petitioner were seized *per mi et per tout*, and neither could invest the

other with a separate title to a portion of the tract, without the formality of a deed. Each therefore may avoid the conveyance of the other, so that it may not interpose an obstacle to a just and equal partition. The tenancy in common, embracing the whole tract, neither can, by his own act, exclude the other from any part of it. The petitioner has elected to avoid these proceedings, as far as he can do so, and he now claims partition of that, which he had assigned by parol to his co-tenant.

The statute authorizes partition to be made between those who are interested in the estate, and requires that all persons so interested should be notified. *Knight* has the same interest in the part, which the petitioner conveyed to *Shaw*, as the petitioner has in the part conveyed by *Knight* to the respondent; and both *Shaw* and the respondent are interested in that part of the estate, which may finally enure to them, by force of the estoppel, arising from the deeds to them respectively. *Varnum* v. *Abbott & als.* 12 *Mass. R.* 474. The respondent therefore having an interest in the land, and being privy in estate with *Knight,* has the same right to require that in the partition, the conveyance made by the petitioner should be disregarded, as the petitioner has to insist, that the conveyance made by *Knight* should be disregarded. The result is, that to make the partition legal and effectual, it should be made of the whole tract. And this is the reason why conveyances made by one co-tenant of a part in severalty, or of his interest in a part, may be avoided by the other co-tenants, when they take measures to effect partition at law. It is a violation of this principle, to attempt to do it piecemeal. If two are tenants in common of an hundred acres of land, eligible for the scite of a village, and each sells in severalty a few small house lots, constituting but a small proportion of what each is entitled to, it would be most inconvenient to sustain a separate petition for partition of each of these small lots. In such case the co-tenant, who petitions, should describe and aver his interest in the whole tract, and it would then be easy, as it would be most equitable and just for the commissioners to make partition in such a way, as to quiet the several grantees of each.

In *Miller* v. *Miller & al.,* 13 *Pick.* 237, it was decided by the Court, " as a well settled rule of law, that a tenant in common cannot enforce partition of a part of the common tenement, by

metes and bounds." And we are of opinion, that the default must be taken off; and if the petitioner would maintain his process, he must so amend, as to include the whole tract. And if upon the appointment of the commissioners, they should find the former partition just and equal, as there is much reason to believe they will, they will make it in the same manner; the effect of which will be to vest the title in the respective grantees in severalty, by estoppel. \And in this mode, the attempt of the petitioner, after having enjoyed and actually sold one half of the land, to get away a part of the residue may, and should be defeated.